MIDDLETON v. FIRST NATIONAL BANK OF MARSHALLTOWN ET AL.

Surety: STAY BOND: JUDGMENT. Where a judgment is modified without the consent of the surety upon the stay bond, whereby prior incumbrancers acquire a senior lien upon the mortgaged property, which was amply sufficient to satisfy such judgment before the modification, the surety is released from liability to the extent of the modification of the judgment.

*Appeal from Marshall District Court.*

SATURDAY, OCTOBER 24.

ACTION in equity to sustain the enforcement of an execution against plaintiff, upon a bond executed by plaintiff to stay a judgment recovered by the said bank against one John D. Mulick. Decree for plaintiff. Defendants appeal. The facts are stated in the opinion.

*Brown & Sears*, for appellants.

*T. Binford*, for appellees.

DAY, J.—On the 27th day of February, 1865, John D. Mulick executed to one Elias Cozard, or bearer, his promissory note for the sum of $1000.00, due May 1st, 1866, with interest at six per cent. per annum. This note was given for the

purchase price of real estate, and was secured by mortgage. On the 15th day of May, 1866, there was paid and indorsed upon said note the sum of $200.00, and on the 27th of July, 1866, there was paid and indorsed the further sum of $200. August 17th, 1866, Mulick agreed to pay ten per cent. interest on the note. On the 21st day of December, 1869, the defendant, the First National Bank of Marshalltown, commenced an action against John D. Mulick and wife, asking a foreclosure of said mortgage, and making Henry McLain, E. Trusdell and others, subsequent incumbrancers, parties defendant. On the 6th day of April, 1870, a judgment was entered in favor of said bank against said Mulick for the whole amount of said note, and interest at ten per cent., and an attorney's fee, amounting in all to $1,622.60. In estimating the amount of this judgment no deduction was made on account of the credits on the note, or at least the judgment was taken for a large sum too much. In the same decree, upon cross petition, judgment was rendered against Mulick in favor of E. Trusdell, for the sum of $646.00, and the same was declared a junior lien upon the premises described in the mortgage. The plaintiff executed a bond to stay the judgment against Mulick in favor of the bank. At the time of doing so he knew that Mulick was insolvent, and that there were junior incumbrances upon the mortgaged property, but he relied upon the fact of the mortgage, and the sufficiency of it to discharge the judgment in favor of the bank.

After the execution of this bond, on the 3d day of April, 1871, Henry McLain, who had been served by publication only, appeared and moved to set aside the default, and for a new trial, claiming that the judgment in favor of the bank was for quite too much. On the 18th day of April, 1871, the original decree was, by agreement of said bank, modified so as to declare only the sum $334.31 a lien upon the mortgaged premises from the date of the execution of the note, and declaring the remainder thereof to be junior and inferior to the claim of said Henry McLain, amounting to $1200.00. On the 15th day of April, 1871, a further modification of the decree was made, declaring all of the judgment in favor of

said bank above the sum of $834.31, to be junior and inferior to the judgment of E. Trusdell for the sum of $646. Plaintiff was in no wise a party to these proceedings. Afterward the mortgaged premises sold for enough to satisfy the whole judgment of $1,622.60, but it was applied first in discharge of the $834.31, which remained the senior lien, and the balance was applied upon the Trusdell and McLain judgments, exhausting it, and leaving nothing to apply upon the portion of the bank judgment which was declared inferior and junior to that of Trusdell and McLain. For this balance execution issued against the plaintiff upon the stay bond, and to restrain the enforcement of it he brought this action in the court below.

Nothing more than a mere statement of the facts is necessary to show the correctness of the judgment of the District Court. The judgment which is now sought to be enforced against plaintiff is not the one which he agreed to stay. That one was amply secured by mortgage, upon this there is no security. The bank was compelled to submit to this modification of the decree, because originally it had taken judgment for too much. There is no principle of equity which will enable it now to collect this excess of the plaintiff. We are fully satisfied with the judgment below.

AFFIRMED.